1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   ANNA S. McLEAN (SBN 142233)
3  Four Embarcadero Center, 17th Floor
   San Francisco, CA 94111-4109
4  Telephone:     (415) 434-9100
   Facsimile:     (415) 434-3947
5  Email: amclean@sheppardmullin.com

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
7      Including Professional Corporations
   SARAH A. K. BLITZ (SBN. 280118)
8  333 S. Hope Street, 43rd Floor
   Los Angeles, CA 90071-1422
9  Telephone:     (213) 620-1780
   Facsimile:     (213) 620-1398
10 Email: sblitz@sheppardmullin.com

11 ORACLE AMERICA, INC.
   EUNHAE PARK (SBN 202180)
12 ALICE MILLER (SBN 286596)
   500 Oracle Parkway, M/S 5op7
13 Redwood City, CA 94065
   Telephone: 650.506.1241
14 Facsimile: 650.506.7114
   Email: eunhae.park@oracle.com
15         alice.miller@oracle.com

16 Attorneys for Defendants
17 Oracle America, Inc. and NetSuite, Inc.

18            UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20 RIVER SUPPLY, INC., a Pennsylvania          Case No. 3:23-cv-02981
   corporation;
21                                             **DEFENDANTS ORACLE AMERICA,**
                  Plaintiff,                   **INC.'S AND NETSUITE, INC.'S REPLY**
22       v.                                    **MEMORANDUM IN SUPPORT OF**
                                               **THEIR MOTION TO DISMISS AND**
23 ORACLE AMERICA, INC., a Delaware            **STRIKE**
   corporation; NETSUITE, INC., a Delaware
24 Corporation; SPS COMMERCE, INC., a          **[Fed. R. Civ. P. 8, 9(b), 12(b)(6), 12(f)]**
   Delaware corporation; VEND LIMITED, a
25 New Zealand corporation; LIGHTSPEED
   COMMERCE INC., a Canadian Corporation;      Date: August 24, 2023
26 APPFICIENCY INC., a Canadian corporation;   Time: 9:30 a.m.
   and Does 1 through 100,                     Ct. Rm.: B
27
                  Defendants.                  Action Filed:    June 19, 2023
28

SMRH:4867-0894-4246.5

1

## TABLE OF CONTENTS

Page

2

3    I.      INTRODUCTION ................................................................................................1

4    II.     THE COURT SHOULD DISMISS PLAINTIFF'S FIRST AMENDED
             COMPLAINT ......................................................................................................2

5
             A.     RSI Misstates the Scope of the Economic Loss Rule ............................2
6
             B.     The Integration Clauses Preclude Justifiable Reliance in this Case ........4
7
             C.     RSI Otherwise Fails to Adequately Plead Fraud or Negligent
8                   Misrepresentation ...................................................................................5

9            D.     The Agreements Are Not Unconscionable ..............................................6

10                  1.     RSI Fails To Allege Procedural Unconscionability .....................7

11                  2.     RSI Fails to Allege Substantive Unconscionability .....................8

12           E.     RSI's Miscellaneous Claims Should Be Dismissed ...............................10

13                  1.     RSI's Fifth Cause of Action For Breach of Contract Should be
                           Dismissed .................................................................................10
14
                    2.     RSI's Sixth Cause of Action For Breach of Warranty Fails .......10
15
                    3.     RSI's Claim for Breach of the Implied Covenant of Good Faith and
16                         Fair Dealing Fails .....................................................................12

17                  4.     RSI's Tenth Cause of Action Under the UCL Fails ....................13

18                  5.     The Eleventh Cause of Action For Declaratory Relief Fails Because
                           It Is Duplicative Of RSI's Other Causes Of Action ...................14
19
             F.     OAI's MOTION TO STRIKE SHOULD BE GRANTED .......................15
20
     III.    CONCLUSION .................................................................................................15
21

22

23

24

25

26

27

28

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

<u>Cases</u>

4

*A & M Produce Co. v. FMC Corp.*

5         135 Cal. App. 3d 473 (1982) ..................................................................................... 9

6    *Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*
         556 F.3d 920 (9th Cir. 2009) ..................................................................................... 8

7
     *Am. Software, Inc. v. Ali*

8         46 Cal. App. 4th 1386 (1996) ................................................................................. 7, 9

9    *Andre v. United States Bank, N.A.*
         No. CV 20-4854-CBM-(PJWx), 2021 U.S. Dist. LEXIS 154737 (C.D. Cal. May 20,

10        2021) ........................................................................................................................... 7

11   *Armendariz v. Foundation Health Psychcare Servs.*

12        24 Cal. 4th 83 (2000) ................................................................................................. 7

13   *Ashcroft v. Iqbal*
         556 U.S. 662 (2009) ................................................................................................... 5

14
     *Becca v. General Motors LLC*

15        241 F. Supp. 3d 1094 (S.D. Cal.) ............................................................................ 11

16   *Bell Atlantic Corp. v. Twombly*
         550 U.S. 544 (2007) ................................................................................................... 5

17
     *Benn v. Allstate Ins. Co.*

18        569 F. Supp. 3d 1029 (C.D. Cal. 2021) .............................................................. 13, 14

19
     *Cal. Grocers Ass'n v. Bank of Am.*

20        22 Cal. App. 4th 205 (1994) ...................................................................................... 9

21   *Careau & Co. v. Security Pacific Business Credit, Inc.*

22        222 Cal. App. 3d 1371 (1990) ................................................................................. 12

23   *Chou v. Charles Schwab & Co., Inc.*
         2023 U.S. App. LEXIS 7420, 2023 WL 2674367 ..................................................... 7

24
     *Darnaa, LLC v. Google, Inc.*

25        No. 15-cv-03221-RMW, 2015 WL 7753406 (N.D. Cal. Dec. 2, 2015) ..................... 7

26   *Employee Painters' Trust v. J B Finishes*

27        77 F.3d 1188 (9th Cir. 1996) ..................................................................................... 8

28

*In re Google Assistant Privacy Litig*.
　457 F. Supp. 3d 797 (N.D. Cal. 2020) ........................................................................ 11

*Grouse River Outfitters Ltd. v. NetSuite, Inc.*
　No. 16-cv-02954-LB, 2016 U.S. Dist. LEXIS 141478 (N.D. Cal. Oct. 12, 2015) .................. 4

*Guzman v. Polaris Indus. Inc*.
　49 F.4th 1308 (9th Cir. 2022) ................................................................................ 13

*Hospitality Marketing Concepts, LLC v. Six Continents Hotels, Inc.*
　No. SACV 15-01791 JVS, 2016 U.S. Dist. LEXIS 19115 (C.D. Cal. Jan. 28, 2016) ........... 14

*JMP Securities LLP v. Altair Nanotechnologies Inc.*
　880 F. Supp. 2d 1029 (N.D. Cal. 2012) ................................................................ 2, 3

*Jones v. Metro. Life Ins. Co.*
　No. C-08-03971-JW (DMR), 2010 WL 4055928 (N.D. Cal. Oct. 15, 2010) ...................... 15

*Kentwool Co. v. NetSuite, Inc.*
　No. 14-cv-05264-JST, 2015 U.S. Dist. LEXIS 19982 (N.D. Cal. Feb. 18, 2015) ................. 4

*Kimball v. Flagstar Bank F.S.B.*
　881 F. Supp. 2d 1209 (S.D. Cal. 2012) ................................................................... 14

*LA Tech and Consulting, LLC v. Am. Ex. Co.*
　No. SA CV 22-01213-DOC-KES, 2022 U.S. Dist. LEXIS 215156 (C.D. Cal. Nov. 28, 2022)...................................................................................................... 12

*Las Palmas Associates v. Las Palmas Center Associates*
　235 Cal. App. 3d 1220 (1991) ......................................................................... 2, 3, 4

*Let Voters Decide, LLC v. Committee for Recall of District Attorney George Gascon*
　No. 2:22-cv-05115-SVW-MAA, 2022 WL 18278611 (C.D. Cal. Dec. 2, 2022) .................. 12

*LF Centennial Limited v. Z-Line Designs, Inc.*
　No. 16cv929 JM (NLS), 2019 WL 13136765 (S.D. Cal. Jan. 8, 2019) ................................ 3

*Mackey v. OCWEN Loan Servicing, LLC*
　No. F074094, 2018 WL 2276860 (Cal. Ct. App. May 18, 2018) ...................................... 4

*Maneely v. Gen. Motors Corp*.
　108 F. 3d 1176 (9th Cir. 1997)............................................................................... 11

*Mangindin v. Washington Mut. Bank*
　637 F. Supp. 2d 700 (N.D. Cal. 2009) ................................................................... 14

*Mohamed v. Uber Techs., Inc*.
　109 F. Supp. 1185 (N.D. Cal. 2015) ....................................................................... 8

*Motivo Engineering, LLC v. Black Gold Farms*
   Case No. 2:22-cv-01447-CAS-JCx, 2023 WL 3150099 (C.D. Cal. Mar. 28, 2023) ............. 13

*Munning v. Gap, Inc.*
   238 F. Supp. 3d 1195 (N.D. Cal. 2017) ................................................................................. 13

*Oberstein v. Live Nation Ent. Inc.*
   60 F.4th 505 (9th Cir. 2023).................................................................................................. 8

*Oracle USA, Inc. v. Global Services, Inc.*
   No. C 09-00537 MHP, 2009 WL 2084154 (N.D. Cal. July 13, 2009) .................................... 3

*Peoplesoft U.S.A., Inc. v. Softeck, Inc.*
   227 F. Supp. 2d 1116 (N.D. Cal. 2002) ................................................................................. 7

*Pokorny v. Quixtar, Inc.*
   601 F.3d 987 (9th Cir. 2010) ................................................................................................. 6

*Richter v. CC-Palo Alto, Inc.*
   176 F. Sup. 3d 877, 901 (N.D. Cal. 2016) .......................................................................... 14

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*
   55 Cal. 4th 1169 (2013)......................................................................................................... 4

*Robert H. Peterson Co. v. Tinsley*
   No. CV 10-04733, 2010 WL 11601229 (C.D. Cal. Nov. 12, 2010) ...................................... 15

*Robinson Helicopter Co., Inc. v. Dana Corp.*
   34 Cal. 4th 979 (2004)................................................................................................... 1, 2, 3

*Rodriguez v. FCA US LLC*
   No. 8:22-cv-01445, 2023 U.S. Dist. LEXIS 48041 (C.D. Cal. Mar. 21, 2023) ..................... 13

*Rosenthal v. Great Western Fin. Securities Corp.*
   14 Cal. 4th 394 (1996)........................................................................................................... 4

*Schertz v. Ford Motor Co.*
   No. CV-20-03221-TJH-PVCS, 2020 WL 5919731 (C.D. Cal. July 27, 2020)...................... 14

*Shin v. ICON Foundation*
   No. 20-cv-07363-WHO, 2021 WL 1893117 (N.D. Cal. May 11, 2021) ............................... 14

*Siry v. Farkhondehpour*
   13 Cal. 5th 333 (2022)......................................................................................................... 12

*Sonner v. Premier Nutrition Corp.*
   971 F.3d 834 (9th Cir. 2020)............................................................................................... 13

*Taison Comms., Inc. v. Ubiquiti Networks, Inc.*
   No. C-13-1803 EMC, 2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) .................................. 11

*Teresa Adams v. Cole Haan, LLC*
    No. 20-913, 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020)........................................... 14

*In re Trade Joe's*
    289 F. Supp. 3d 1074 (C.D. Cal. 2017) .................................................................. 11

*Westport Ins. Corp. v. Vasquez, Estrada, and Conway LLP*
    No. 15-cv-05789-JST, 2016 WL 1394360 (N.D. Cal. Apr. 8, 2016)......................... 2

*White v. FCA US LLC*
    No. 22-cv-00954-BLF, 2022 U.S. Dist. LEXIS 146604 (N.D. Cal. Aug. 16, 2022)............... 2

*In re Yahoo! Inc. Customer Data Security Breach Litigation*
    313 F. Supp. 3d 1113 (N.D. Cal. 2018) .................................................................. 9

*Yamauchi v. Cotterman*
    84 F. Supp. 3d 993 (N.D. Cal. 2015) .................................................................. 6

Statutes

California Penal Code § 496 .................................................................. 12

Other Authorities

Fed. R. Civ. P. 9(b)..........................................................................5, 6

Fed. R. Civ. P. 12(c) ........................................................................ 13

Fed. R. Civ. P. 12(f) .....................................................................10, 15

Fed. R. Evid. 408............................................................................ 15

## I.      **INTRODUCTION**

Plaintiff River Supply, Inc.'s ("RSI") opposition (Dkt. 26, the "Opposition" or "Opp.") to Defendants Oracle America, Inc.'s ("OAI") and NetSuite, Inc.'s ("NetSuite," and together with OAI, "Oracle") motion to dismiss (Dkt. 13)[1] confirms that RSI is trying to convert a contract dispute between sophisticated parties into a series of fraud and other tort claims.  And, after relying exclusively on obligations in the contracts for the fraud-based claims, Plaintiff endeavors to run away from the contracts.  The Opposition confirms that, not only do the claims in RSI's First Amended Complaint (Dkt. 4, the "FAC") fail as a matter of law, but RSI cannot plead any set of facts that would allow its claims to survive.

RSI's fraud claims illustrate this.  RSI alleges unequivocally in the FAC that the pre-contract representations Oracle made *were the same as those set forth in the final agreements* and that the harm RSI suffered on account of the alleged fraudulent pre-contract representations is indistinguishable from the contract representations.  RSI ignores and fails to respond to this crucial point in its Opposition.  This is a classic case where the economic loss rule bars RSI's fraud claims.  While RSI relies upon the *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) line of cases to argue that fraudulent inducement is an exception to the economic loss rule, it ignores that subsequent federal and state courts applying California law have limited that exception to product liability cases—which the present case is most decidedly not.

Similarly unsuccessful are RSI's attempts to cast the integration and limitation-of-liability provisions in the contracts as procedurally and substantively unconscionable.  Notwithstanding RSI's newfound claim in the Opposition (not set forth in the FAC) that the links in the agreements did not lead directly to the SSA and PS Terms (which contain the provisions in question), it does not dispute that, by following the links, RSI was in a position to review the SSA and PS Terms on the Oracle website.

---

[1] Unless otherwise noted, capitalized terms used herein have the meanings ascribed to them in Oracle's memorandum of law in support of the motion to dismiss (Dkt. 13).

SMRH:4867-0894-4246.5          REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    The same is true with respect to RSI's breach of contract, breach of warranty, declaratory

2    judgment, UCL, and other miscellaneous claims:  RSI has alleged what it can, but the facts it

3    alleges simply do not give rise to liability as a matter of law, thus rendering any possible

4    amendment futile.  Accordingly, Oracle respectfully submits that this Court should dismiss RSI's

5    claims without leave to amend.

6    **II.    THE COURT SHOULD DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

7        **A.    RSI Misstates the Scope of the Economic Loss Rule**

8    RSI maintains that "California state and federal courts have consistently held that the rule

9    does not apply to fraudulent inducement claims, such as the ones asserted here."  (Opp. 12:15-23.)

10   In support of this far-reaching assertion, however, RSI cites to only two cases—*White v. FCA US*

11   *LLC*, 22-cv-00954-BLF, 2022 U.S. Dist. LEXIS 146604, at *13 (N.D. Cal. Aug. 16, 2022), and

12   *Las Palmas Associates v. Las Palmas Center Associates*, 235 Cal. App. 3d 1220, 1238 (1991).

13

14   Both are inapposite.

15   *First*, the Court's decision in *White* underscores why the economic loss rule *does* apply

16   here and precludes RSI's fraud claims.  Unlike the present case, *White*, like *Robinson Helicopter*

17   *Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004), was a personal injury and products liability case.

18   *See, e.g.*, *Robinson Helicopter*, 34 Cal. 4th at 986 ("Beginning in early 1998, the sprag clutch ears

19   that had been ground at the 61/63 level of hardness and sold to Robinson experienced a failure rate

20   of 9.86 percent."); *White*, 2022 U.S. Dist. LEXIS 146604, at *3 ("Plaintiff further alleged that the

21   Vehicle's 'unpredictable acceleration' caused at least one rear-end collision.").  This is significant,

22   as this Court has been hesitant to apply the *Robinson Helicopter* exception to the economic loss

23   rule outside of the products liability context.  *See, e.g., JMP Securities LLP v. Altair*

24   *Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ("[T]his Court, like others in

25   California, doubts that *Robinson Helicopter* has any application outside the products liability

26   context in which it was decided"); *Westport Ins. Corp. v. Vasquez, Estrada, and Conway LLP*,

27

28

Case. No. 15-cv-05789-JST, 2016 WL 1394360, at *6 (N.D. Cal. Apr. 8, 2016) ("it is unclear whether the *Robinson* exception applies outside of the products liability context");[2] *Oracle USA, Inc. v. Global Services, Inc.*, No. C 09-00537 MHP, 2009 WL 2084154, at *6 (N.D. Cal. July 13, 2009) ("*Robinson Helicopter* was a products liability case, and the court's reasoning suggests that the holding applies only to such cases").

Indeed, contrary to RSI's argument, "*Robinson* allows a plaintiff's claim to proceed **only** when the plaintiff relies on a defendant's intentional misrepresentation **and the plaintiff is exposed to liability for personal damages independent of his or her economic losses** arising from the breach of contract." *LF Centennial Limited v. Z-Line Designs, Inc.*, Case no. 16cv929 JM (NLS), 2019 WL 13136765, at *4 (S.D. Cal. Jan. 8, 2019) (emphasis added).  No such allegation is made in the FAC; to the contrary, RSI alleges that the contractual obligations and the pre-contractual representations were the same and gave rise to the same alleged damages.[3]

*Second*, *Las Palmas* actually supports Oracle's point about the application of the economic loss rule.  Far from upholding the plaintiffs' fraud and breach of contract claims, the Court of Appeal held that, "[b]ecause the undisputed evidence establishes that respondents' fraud damages are identical to their losses under the breach of contract theory, . . . the fraud award must be reduced to $232,393." 235 Cal. App. 3d at 1228.  The court explained that, because the jury's "award for breach of contract," totaling $232,393, "effectively compensated buyers for their lost profits, it is also the appropriate measure of buyers' damages under the fraud theory." *Id.*  That is,

---

[2] Oracle cited both *JMP Securities* and *Westport Insurance* in its motion (at 8), but RSI did not bother to address them in its Opposition.

[3] *See* FAC ¶ 53 ("[I]t was RSI's understanding based on representations made by Mr. Landsberg and Mr. D'Amato and others that the list of services included in the 2021 SOWs, as well as the items set forth in the 2021 Estimate Forms contained all of the features that Oracle had promised RSI during pre-contract discussions and in the various demos, and would deliver all of the required functionality.").

*Las Palmas* confirms that Oracle's position is meritorious:  RSI cannot sue in fraud when the allegations and alleged harm for such claim are identical to those undergirding its breach of contract claim.

Accordingly, RSI's fraud claims should be dismissed pursuant to the economic loss rule.

### B.       The Integration Clauses Preclude Justifiable Reliance in this Case

RSI does not dispute that the agreements at issue contain integration and limitation-of-liability provisions that disclaim reliance on representations and promises not set forth in the agreements and otherwise limit RSI's remedies.  RSI also does not dispute that, under *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 419-23 (1996), and *Mackey v. OCWEN Loan Servicing, LLC*, No. F074094, 2018 WL 2276860, at *3 (Cal. Ct. App. May 18, 2018), failure to review such an agreement precludes a finding of justifiable reliance.  Instead, RSI offers a series of strawman arguments—all of which fail.

*First*, RSI argues that *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169 (2013), *Grouse River Outfitters Ltd. v. NetSuite, Inc.*, No. 16-cv-02954-LB, 2016 U.S. Dist. LEXIS 141478 (N.D. Cal. Oct. 12, 2015), and *Kentwool Co. v. NetSuite, Inc.*, No. 14-cv-05264-JST, 2015 U.S. Dist. LEXIS 19982, at *11 (N.D. Cal. Feb. 18, 2015), refute the reliance argument that Oracle is making on this motion.  That is incorrect.  Those cases all involved the question of whether the *parol evidence rule* can be utilized to defeat the reliance element, not the integration and other contractual clauses themselves.  Similarly, RSI's attempt to distinguish *Rosenthal* fails, as that case did not involve the parol evidence rule either.

*Second*, RSI does not (because it cannot) dispute that *Mackey* undermines its justifiable reliance, but tries to evade that case by arguing that (i) it is unpublished, and (ii) the plaintiff in that case could have reviewed the agreement in question (whereas, purportedly, RSI could not).  (*See* Opp. 10 n.2.)  As to the first point, both parties have cited unpublished decisions in

1  connection with the briefing of this motion, and RSI offers no authority supporting the notion that

2  a case should not be considered merely because it is unpublished.  As to the second point, it is a

3  distinction without a difference:  RSI itself pleads that the underlying agreements were available

4  on Oracle's website and could be accessed, albeit indirectly, by clicking on the Estimate Form.

5  (*See* FAC ¶¶ 6, 55.)  This is hardly a situation in which the link did not connect the plaintiff with

6  the contractual terms in question.

7

8      **C.    RSI Otherwise Fails to Adequately Plead Fraud or Negligent
            Misrepresentation**

9          RSI fares no better in defending its efforts to plead the purportedly actionable statements

10 with particularity pursuant to Rule 9(b) or plead scienter.

11         As an initial matter, RSI creates a strawman by implying that Oracle argued that intent is

12 subject to Rule 9(b)'s particularity requirements.  Oracle never made that argument in its papers.

13 But that does not relieve RSI of its duty to plead *plausible* allegations under *Bell Atlantic Corp. v.*

14 *Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  RSI has failed to do so

15 with respect to intent:  indeed, RSI's FAC is devoid of *any* facts linked to intent, and RSI cannot

16 even muster any quotations from the FAC in its Opposition to this effect.[4]

17         In contrast, RSI devotes several pages of its Opposition to collecting bullet-point

18 descriptions of its allegations in an effort to provide that it pleaded with particularity.  (*See* Opp. 4-

19 7.)  But this mistakes form for substance:  all of the specific allegations that RSI cites are either

20 descriptions of future intent (*e.g.*, that the product would "go live" in a specific time frame) or

21

22

23

24 _____

25 [4] RSI's repeated references to the *Daramola* case should be disregarded, as they are untethered to
   the elements of the causes of action at issue here.  None of his allegations refer to RSI and he is
26 not alleged to have been part of, or in any way otherwise involved in, the RSI project. Moreover,
   as RSI acknowledges, *Daramola* was dismissed at the district court.  (*See* Opp. 13 n.4.)
27 Furthermore, while RSI maintains that *Daramola* is still pending on appeal, it neglects to note that
   oral argument was already held before the Ninth Circuit, which has indicated that it will affirm the
28 district court, and that a written opinion to this effect is forthcoming.  *See* No. 22-15959 (9th Cir.).

classical puffery (*e.g.*, that the product integrated "seamlessly").  Even putting aside the question of particularity, the statements that RSI alleges are not actionable.

Similarly unavailing are RSI's efforts to excuse its "lumping" together of Oracle, Vend, and Lightspeed for purposes of its fourth cause of action for negligent misrepresentation.  *See generally Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1019 (N.D. Cal. 2015) (the duty to plead with particularity "does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud").  While RSI spills much ink pointing out the alternating references to Oracle, Vend, and Lightspeed in its fourth cause of action (*see* Opp. 11-12), it ignores that those allegations repeatedly lump these defendants together for purpose of the misrepresentations at issue.[5]  Such imprecise allegations do not give each defendant adequate notice of the allegations "surrounding [their] alleged participation in the fraud" (*Yamauchi*, 84 F. Supp. 3d at 1019), and thus fail to satisfy Rule 9(b)'s particularity pleading standard.

### D.   The Agreements Are Not Unconscionable

The agreements at issue are not procedurally or substantively unconscionable.  *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010).  Specifically, RSI takes issues with the SSA and PS Terms containing limitations of liability and disclaiming certain warranties.  The disclaimers at issue provide that neither Oracle nor RSI will be liable for "any indirect, consequential, special, punitive, or exemplary damages, or any loss of revenue, profits (excluding fees under this agreement), sales, data use, goodwill, or reputation."  Dkt. 13-1, Ex. 1 (SSA §§ 10.1, 10.2).  The

---

[5] *See, e.g.*, FAC ¶ 114 ("On information and belief, the representations and promises made by Oracle and Vend concerning the capabilities of the Vend POS software and its ability to meet RSI's requirements were known to be false when made or were made with reckless disregard."); *id.* ¶ 118 ("As a consequence of the false representations and promises of Oracle and Vend, RSI has been damaged . . . .").

1   SSA and PS Terms also provide that Oracle does not warrant that the services will be error free or

2   uninterrupted, and also disclaims responsibility for any issues arising from customer data or third

3   party applications or services.  (*Id.* §§ 9.2-9.4.)  These disclaimers and limitations are a

4   commercially reasonable recognition of the fact that service interruptions and customer data issues

5   can occur for many different reasons.  The terms and agreements are not unconscionable.

6            ***1.       RSI Fails To Allege Procedural Unconscionability***

7            "[P]rocedural unconscionability focuses on the manner in which the contract was

8   negotiated and the circumstances of the parties."  *Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386,

9   1390 (1996).  Procedural unconscionability focuses on "oppression" and "surprise." *Armendariz v.*

10  *Foundation Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000).  RSI does not and cannot allege

11  oppression rising to the level of unconscionability.  RSI is a sophisticated commercial actor.  (*See*

12  Dkt. 4, ¶ 32).  That Oracle is a larger company is immaterial and does not render the parties'

13  contract unenforceable.  *See Peoplesoft U.S.A., Inc. v. Softeck, Inc.*, 227 F. Supp. 2d 1116, 1120–

14  21 (N.D. Cal. 2002); *accord Andre v. United States Bank, N.A.*, Case No. CV 20-4854-CBM-

15  (PJWx), 2021 U.S. Dist. LEXIS 154737, at *9-11 (C.D. Cal. May 20, 2021).  Moreover, as this

16  Court ruled in *Chou v. Charles Schwab & Co., Inc.*, the fact that RSI had other options, and was

17  not required to use Oracle's products and services, means that any procedural unconscionability is

18  slight and does not rise to the level of unenforceability.  *See Chou v. Charles Schwab & Co., Inc.*,

19  2023 U.S. App. LEXIS 7420, *3-4, 2023 WL 2674367 (affirming dismissal of second amended

20  complaint where limitation of liability provisions were not unconscionable); *accord Darnaa, LLC*

21  *v. Google, Inc.*, No. 15-cv-03221-RMW, 2015 WL 7753406, at *2 (N.D. Cal. Dec. 2, 2015)

22  (holding that "YouTube's Terms of Service involve only a marginal degree of procedural

23  unconscionability[]" after finding, among other things, that the plaintiff was free to use other

24  services to share video content).  Here, other business software solutions were available to RSI,

25  including the software RSI "liked" prior to working with Oracle.  (Dkt. 4, ¶ 30).

26           As to the "surprise" element, RSI does not dispute that it signed the transaction documents

27  that specifically incorporate the SSA and PS Terms by reference, and "[a] party who signs a

28  written agreement is bound by its terms, even though the party neither reads the agreement nor

1  considers the legal consequences of signing it." *Employee Painters' Trust v. J B Finishes*, 77 F.3d

2  1188, 1192 (9th Cir. 1996).  RSI does not dispute that the hyperlinks to the SSA and the PS Terms

3  were live in the FAC—though now, for the first time in its Opposition claims (without citation to

4  any allegation in the FAC) that the link "did not even actually work" (Opp. 17:19; *cf.* Dkt. 4, ¶ 6).

5  RSI therefore had the opportunity to review the SSA and PS Terms before DocuSigning the

6  transaction documents.  This alone renders the SSA and PS Terms enforceable.  *See Mohamed v.*

7  *Uber Techs., Inc.*, 109 F. Supp. 1185, 1197 (N.D. Cal. 2015).  Also unavailing is RSI's contention

8  that, because the hyperlinks were not bolded, underlined, or in a different color, it did not have fair

9  notice of the SSA or PS Terms.  (*See* Dkt. 4, ¶ 6.)  The Ninth Circuit has scrutinized online

10 agreements on this basis only when the parties involved were consumers, not sophisticated

11 commercial actors such as RSI.  *See Oberstein v. Live Nation Ent. Inc.*, 60 F.4th 505, 517 (9th Cir.

12 2023).[6]  Thus RSI's suggestion that it was surprised by the SSA and PS Terms or that they were

13 somehow not available strains credulity.[7]

14              **2.    *RSI Fails to Allege Substantive Unconscionability***

15              The SSA and PS Terms are not substantively unconscionable.  The test of whether a

16 contract term is "substantively unconscionable" is not which party is better able to avoid the risk

17 of loss:  all contracts are fundamentally about allocation of risk, and common law principles

18 "encourage parties to allocate risk through contract."  *Affiliated FM Ins. Co. v. LTK Consulting*

19 *Servs. Inc.*, 556 F.3d 920, 921 (9th Cir. 2009).  Instead, California courts recognize that "it is

20 important that courts not be thrust in the paternalistic role of intervening to change contractual

21 terms that the parties have agreed to merely because the court believes the terms are

22

23 [6] RSI fails to address *Oberstein* in its Opposition, despite the fact that it is discussed in Oracle's moving papers.  (*See* Dkt. 13, at 21:15-28.)

24

25 [7] RSI "objects" that Oracle submitted the SSA and PS Terms as exhibits to the Declaration of Anna S. McLean in support of the motion to dismiss (Dkt. 13-1), complaining that "[t]he

26 Declaration lacks foundation as Ms. McLean does not have personal knowledge of the applicable exhibits, including the Subscription Services Agreement or the applicable P.S. Terms."  (Opp. 1

27 n.1.)  Tellingly, RSI does not dispute the relevant terms of the SSA and PS that are, in fact, attached to that Declaration, and, in any event, those documents are referenced and therefore

28 incorporated by reference in the FAC.

1  unreasonable," so a contract term will only be found substantively unconscionable if it "shock[s]

2  the conscience." *Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1391 (1996).  The limitation of

3  liability in the SSA and PS Terms does not remotely "shock the conscience" and RSI's argument

4  that the terms are "very one-sided" (Opp. 18:8-14), is both wrong factually and an improper

5  attempt to dissolve California's strict boundaries between tort and contract law.

6        The decision in *In re Yahoo! Inc. Customer Data Security Breach Litigation*, 313 F. Supp.

7  3d 1113 (N.D. Cal. 2018), upon which RSI relies, therefore has no application here.  In *Yahoo!*,

8  the court found a one-sided limitation of liability solely in favor of Yahoo! substantively

9  unconscionable because it precluded "nearly every type of damages claim." *Id.* at 1137.

10 Moreover, the case addressed unconscionability in a consumer context, not where the parties to the

11 contract are commercial actors.  *Id*.  Here, in contrast, Oracle is merely limiting its liability in

12 specific circumstances, not disclaiming liability for entire categories of damages in all

13 circumstances.  Likewise, the limitation on damages is applied to both RSI and Oracle, equally

14 limiting the parties' respective exposure.

15       Nor does the decision in *A & M Produce Co. v. FMC Corp*., 135 Cal. App. 3d 473 (1982),

16 upon which RSI relies heavily, support RSI's claims.  First, in *A & M*, the court found that a

17 disclaimer of "all [] warranties" was substantively unconscionable because the defendant "was in

18 essence guarantying nothing about what the product would do."  *Id*. at 491.  RSI argues that

19 Oracle's disclaimer for service interruptions and service errors is comparable because it

20 purportedly "effectively seek[s] to absolve Oracle from any obligation to provide a working ERP

21 solution" is disclaiming any warranty about the services," FAC ¶ 8, but that is plainly untrue—

22 Oracle only disclaims liability for services errors, interruptions, and issues arising from customer

23 data or third parties. Dkt. 13-1, Ex. 1 (SSA §§ 9.2-9.4).  Moreover, the *A & M* decision has been

24 roundly criticized by other California appellate courts for articulating a too-broad standard of

25 substantive unconscionability.  *See Am. Software*, 46 Cal. App. 4th at 1391 (rejecting *A & M*

26 *Produce's* substantive unconscionability standard "as being inherently subjective"); *Cal. Grocers*

27 *Ass'n v. Bank of Am*., 22 Cal. App. 4th 205, 214 (1994) ("We also decline to follow *A & M*

28 *Produce* to the extent it may be construed as making 'reasonableness' the standard of

1   unconscionability.").  Consequently, though RSI is wrong that Oracle's disclaimers are

2   unreasonable, even if that were true, RSI applies the wrong legal standard and has not even

3   attempted to show that Oracle's disclaimers shock the conscience (because they do not).

4          Thus, Oracle's disclaimers are not substantively unconscionable and independently bar

5   RSI's claims.

6          **E.    RSI's Miscellaneous Claims Should Be Dismissed**

7                  *1.    RSI's Fifth Cause of Action For Breach of Contract Should be Dismissed*

8          RSI cites to paragraph 124 of the FAC to argue that RSI sufficiently alleged the elements

9   for its breach of contract claim. (Opp. 19:17-18.)  RSI conclusorily alleges that "Oracle did not

10  perform under the Agreement, and the ERP solution never went live."  (*Id*.)  However, while RSI

11  states that the "Agreement clearly sets-out Oracle obligations for implementing an ERP solution,"

12  RSI still fails to specifically identify which clause of the Estimate or SOW was breached by OAI.

13         Nor does RSI respond to OAI's argument that its breach of contract claim fails because of

14  the limitation of liability in Sections 10.1 and 10.2 of the SSA.  Sections 10.1 and 10.2 of the SSA

15  expressly preclude the consequential damages sought by Plaintiff.  (*See* Dkt. 4, ¶ 125, Prayer for

16  Relief).  As stated above in detail and in OAI's moving brief, RSI is bound by the SSA and the

17  SSA is enforceable.  *See supra* § B.  Therefore, RSI's breach of contract claim is not properly

18  plead and subject to dismissal, or at a minimum, the improperly requested damages in ¶ 125 and

19  the Prayer for Relief should be stricken pursuant to Rule 12(f).

20                 *2.    RSI's Sixth Cause of Action For Breach of Warranty Fails*

21         In its Opposition, RSI claims that paragraph 9 of the SSA provides express warranties and

22  that the FAC "clearly states that Oracle did not perform the services using commercially

23  reasonable care and skill."  (Opp. 19:26-20:1.)  But paragraph 9 of the SSA states that OAI will

24  perform "(i) the Cloud Service using commercially reasonable care and skill in all material

25  respects as described in the Oracle NetSuite Written Materials, and (ii) any Professional Services

26  and Support Services in a professional manner consistent with industry standards."  (SSA, § 9.1.)

27  RSI does not state how OAI failed to use "commercially reasonable care and skill in all material

28  respect" in breach of paragraph 9 of the SSA.  Nor does RSI allege how OAI failed to provide

services "in a professional manner consistent with industry standards." Paragraphs 132 and 133 of the FAC are mere conclusory allegations, which warrant dismissal of the breach of warranties claim.

In addition, in order to allege a breach of warranty under Section 9.1 of the SSA, RSI had to provide a written notice that "describes the deficiency in the Services" as required under the SSA. (*Id.*) RSI had a duty to "***promptly*** provide Oracle with a written notice that describes the deficiency in the Services" and for Professional Services, RSI had to notify OAI of any warranty deficiencies "***within 60 days from performance of the deficient services***." (*Id.*) (emphasis added). While RSI alleges that RSI provided notice of breach and opportunity to cure on November 14, 2022, it also alleges that RSI provided the notice of breach "after 20 months of delay", which is well beyond the period to provide notice under Section 9.1 of the SSA. (FAC ¶ 10.) For this reason alone, RSI's breach of warranties claim should be dismissed because it failed to provide timely notice of breach within the warranty period. *See Taison Comms., Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *8 (N.D. Cal. Mar. 14, 2014) (dismissing breach of warranty claim when plaintiff delayed providing a notice of breach to the seller); *see also In re Trade Joe's*, 289 F. Supp. 3d 1074, 1092 (C.D. Cal. 2017) (dismissing warranty claims for failure to provide notice).

RSI's arguments are internally contradictory, in arguing that it is not bound by the SSA. Recognizing this contradiction, RSI proceeds to argue that, if the Court finds the SSA unenforceable, there were nonetheless express warranties made by Oracle outside of the SSA and OAI breached those warranties. (Opp. 20.) To plead an action for breach of express warranty under California law, however, a plaintiff must allege the exact terms of the warranty and "[t]o satisfy the first element, a plaintiff must identify a 'specific and unequivocal written statement'" *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 835 (N.D. Cal. 2020). Here, RSI fails to identify the specific written statement provided by OAI outside of the SSA and its breach of warranty claim should be dismissed. *See Becca v. General Motors LLC*, 241 F. Supp. 3d 1094, 1113 (S.D. Cal.) (granting motion to dismiss breach of warranty claim when plaintiffs did not "allege the exact terms of the warranty at issue in [the] case."); *see also Maneely v. Gen. Motors*

1  *Corp*., 108 F. 3d 1176, 1181 (9th Cir. 1997) (holding that terms that "make no explicit guarantees"

2  are not express warranties).

3         ***3.    RSI's Claim for Breach of the Implied Covenant of Good Faith and Fair***
           ***Dealing Fails***

4

5         With respect to RSI's breach of the implied covenant of good faith and fair dealing, RSI

6  fails to specify what specific representations were breached that were "something beyond breach

7  of the contractual duty itself." *Careau & Co. v. Security Pacific Business Credit, Inc*., 222 Cal.

8  App. 3d 1371, 1394 (1990).  Although RSI states that the FAC "alleges conduct that frustrated

9  RSI's rights to benefit from the contract" and that OAI "made promises and other representations

10 to Plaintiff both before and after contract execution," RSI conceded in its FAC that all of the pre-

11 contract promises and representations were memorialized in the contracts.  (FAC ¶ 122 ("RSI

12 understood that they included all of the functionality promised by Oracle during the parties

13 detailed pre-contract discussions").)  "If the allegations do not go beyond the statement of a mere

14 contract breach and, relying on the same alleged acts, they simply seek the same damages or other

15 relief already claimed in a companion contract cause of action, they may be disregarded as

16 superfluous." *Careau & Co.,* 222 Cal. App. 3d at 1394-95.  RSI Fails to State a Claim for Theft

17 under California Penal Code § 496

18        RSI's argument with respect to its California Penal Code § 496 claim fares no better.  As

19 the California Supreme Court has emphasized, allegation of "criminal intent" is required to

20 "prevent ordinary commercial defaults from being transformed into a theft." *Siry v.*

21 *Farkhondehpou*r, 13 Cal. 5th 333, 361-62 (2022).  While Oracle cites to paragraph 2 of the FAC

22 to allege intent, such are conclusory statements unsupported by facts. *LA Tech and Consulting,*

23 *LLC v. Am. Ex. Co.,* Case No. SA CV 22-01213-DOC-KES, 2022 U.S. Dist. LEXIS 215156, at *5

24 (C.D. Cal. Nov. 28, 2022) (dismissing section 496 claim when plaintiff's assertion that defendant

25 knowingly and intentionally deceived "is a conclusory statement unsupported by any factual

26 allegations.").  Further, in the FAC, RSI alleges at numerous times, that other vendors and

27 contractors failed to perform.  (FAC ¶¶ 65, 69, 71.)  These allegations negate any inference of

28 criminal intent by OAI and cannot support any showing that OAI "obtained its money by false

pretenses." *Let Voters Decide, LLC v. Committee for Recall of District Attorney George Gascon*, Case No. 2:22-cv-05115-SVW-MAA, 2022 WL 18278611, at *3 (C.D. Cal. Dec. 2, 2022).  While RSI claims that RSI "has paid Oracle and its business partners almost $170,000 and has devoted thousands of internal hours in the project over the course of two entire years and has not received anything of value," as in *Motivo Engineering, LLC v. Black Gold Farms*, Case No. 2:22-cv-01447-CAS-JCx, 2023 WL 3150099, at *9 (C.D. Cal. Mar. 28, 2023), such allegations amount to nothing more than a breach of contract claim.  Accordingly, this claim should be dismissed with prejudice.

### 4.    *RSI's Tenth Cause of Action Under the UCL Fails*

A plaintiff seeking equitable relief under the UCL must demonstrate the inadequacy of a remedy at law, or the court must dismiss the claim.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311-15 (9th Cir. 2022). "For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole."  *Rodriguez v. FCA US LLC*, Case No. 8:22-cv-01445, 2023 U.S. Dist. LEXIS 48041 at *6-7 (C.D. Cal. Mar. 21, 2023) (internal citation omitted).

RSI does not argue that it does not have adequate remedy at law due to its other claims (implicitly conceding that the claim should be dismissed).  Rather, RSI falsely accuses OAI of relying on "cases that were decided on summary judgment rather than at the pleading stage, or years into litigation" and argues that case law does not support dismissal of the UCL claim.  (Opp. 22 n.8.)  This is not the case.   OAI properly relied on cases where courts have dismissed the UCL claim at the pleading stage.  *See Rodriguez*, 2023 U.S. Dist. LEXIS 48041, at *6-8 (dismissing UCL claim on a motion to dismiss when "[p]laintiff has not adequately pleaded monetary damages are an inadequate remedy at law"); *see also Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (dismissing UCL claim on a motion to dismiss); *Benn v. Allstate Ins. Co.*, 569 F. Supp. 3d 1029, 1036-1037 (C.D. Cal. 2021) (dismissing UCL claim on a Rule 12(c) motion).

RSI further argues that its UCL claim survives because the equitable relief it seeks is in a form of injunction.  (Opp. 22:18-19.)  But there is no "exception for injunctions as opposed to

1   other forms of equitable relief." *Teresa Adams v. Cole Haan, LLC*, No. 20-913, 2020 WL

2   5648605, at *2 (C.D. Cal. Sept. 3, 2020); *see also Schertz v. Ford Motor Co.*, No. CV-20-03221-

3   TJH-PVCS, 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020) (dismissing UCL claim when

4   plaintiff sought both injunction and restitution).

5        Finally, RSI's claim that there is a distinction between RSI's restitution and compensatory

6   damages is incorrect.  RSI is clearly seeking the return of funds RSI paid to OAI for its

7   restitutionary recovery.  (Opp. 23:7.)  But such recovery is already included in RSI's breach of

8   contract damages and RSI has an adequate remedy at law.  RSI is not alleging that OAI

9   "wrongfully took anything from [RSI] that it was not entitled to keep," as is required for a claim

10  for restitution.  *Benn*, 569 F. Supp. 3d at 1037.

11       **5.**    ***The Eleventh Cause of Action For Declaratory Relief Fails Because It Is***

12         ***Duplicative Of RSI's Other Causes Of Action***

13       RSI's requested declarations fail as duplicative of its other claims.  A declaratory relief

14  claim is "unnecessary where an adequate remedy exists under some other cause of action." *Shin v.*

15  *ICON Foundation*, Case No. 20-cv-07363-WHO, 2021 WL 1893117, at *12 (N.D. Cal. May 11,

16  2021) (quoting *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009)).

17       While RSI attempts to characterize its declaratory relief as a claim to "nullify the contract,"

18  that claim is "based upon the same allegation supporting [its] other causes of action" and "merely

19  seeks a declaration of the legal rights of the parties." *Kimball v. Flagstar Bank F.S.B.*, 881 F.

20  Supp. 2d 1209, 1220 (S.D. Cal. 2012); *see also Richter v. CC-Palo Alto, Inc.*, 176 F. Sup. 3d 877,

21  901 (N.D. Cal. 2016) (dismissing declaratory judgment claim when the court found that a contract

22  is an enforceable contract under California law and it clarified any ambiguity as to the parties'

23  statutory obligations);  *Hospitality Marketing Concepts, LLC v. Six Continents Hotels, Inc.*, Case

24  No. SACV 15-01791 JVS (DFMx), 2016 U.S. Dist. LEXIS 19115, at *8 (C.D. Cal. Jan. 28, 2016)

25  (finding plaintiff's declaratory relief claim as entirely duplicative of its other claims of breach of

26  contract, fraud, fraudulent inducement and negligent misrepresentation).  Therefore, RSI's claim

27  for declaratory relief should be dismissed.

28

**F.** **OAI's MOTION TO STRIKE SHOULD BE GRANTED**

RSI's disclosure of settlement communications should be stricken pursuant to Rule 12(f). "Courts have used Rule 12(f) to strike allegations from complaints that detail settlement negotiations within the ambit of Rule 408." *Robert H. Peterson Co. v. Tinsley*, CV 10-04733 GAF (AGRx), 2010 WL 11601229, at *1 (C.D. Cal. Nov. 12, 2010) (internal citations omitted). Indeed, "the need for confidentiality settlement negotiations is without dispute." *See Jones v. Metro. Life Ins. Co.,* No. C-08-03971-JW (DMR), 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) (internal citations omitted). RSI urges that this Court find an exception to that rule, relying upon a single case. (Opp. 24:23.) That case, however, is inapposite, as it was a criminal case involving the government and its investigation. It furnishes no justification for RSI to reveal confidential and privileged communications concerning settlement discussions protected by FRE 408 in the present case—a *commercial dispute*. There is no legal authority which permits introduction of confidential settlement discussions as evidence to support RSI's claim that it was further defrauded by OAI and RSI fails to cite to otherwise. *See Jones,* 2010 WL 4055928, at *14 (striking references to settlement negotiations).

RSI's request for consequential damages should also be stricken because the SSA is binding upon RSI for the reasons stated *supra.*

**III.** **CONCLUSION**

In sum, RSI has failed to plausibly allege its claims and Oracle's motion should be granted without leave to amend.

Dated: August 9, 2023                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By            /s/ *Anna S. McLean*
                ANNA S. McLEAN
                SARAH A. K. BLITZ

                Attorneys for
                ORACLE AMERICA, INC. and NETSUITE, INC.