Pamela K. Fulmer, State Bar No. 154736
Dee A. Ware, State Bar No. 154549
TACTICAL LAW GROUP LLP
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone No.: (415)766-3509
Fax No.: (415) 231-5272
E-Mail: pam@tacticallawgroup.com
         dware@tacticallawgroup.com

Attorneys for Plaintiff RIVER SUPPLY, INC.

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership Including
Professional Corporations
ANNA S. McLEAN (SBN 142233)
SARAH A. K. BLITZ (SBN. 280118)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: amclean@sheppardmullin.com
sblitz@sheppardmullin.com

Attorneys for Defendants
Oracle America, Inc. and NetSuite, Inc.

Jura C. Zibas (SBN 217864)
Jura.Zibas@wilsonelser.com
Peter K. Chu (SBN 251705)
Peter.Chu@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
Email: Jura.Zibas@wilsonelser.com
         Peter.Chu@wilsonelser.com

Attorneys for Defendants
Vend Limited & Lightspeed Commerce Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVER SUPPLY, INC., a Pennsylvania Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE AMERICA, INC., a Delaware corporation; NETSUITE, INC., a Delaware Corporation; SPS COMMERCE, INC., a Delaware corporation; VEND LIMITED, a New Zealand corporation; LIGHTSPEED COMMERCE INC., a Canadian Corporation; and Does 1 through 100,<br><br>    Defendants. | **Case No.: 3:23-cv-02981-LB**<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hon. Laurel Beeler<br><br>Date: November 2, 2023<br>Time: 11:00 a.m.<br>*Videoconference Only*<br><br>Action Filed: June 16, 2023 |

Plaintiff River Supply, Inc. ("RSI" or "Plaintiff") and Defendants Oracle America, Inc. ("OAI"), NetSuite Inc. ("NetSuite"), Vend Limited ("Vend") and Lightspeed Commerce, Inc. ("Lightspeed") submit this Initial Case Management Statement in advance of the Initial Case Management Conference scheduled for November 2, 2023.  OAI and NetSuite are collectively referred to herein as Oracle.

1. **Jurisdiction and Service**:

(i) Subject Matter Jurisdiction

This diversity action arises under the laws of the State of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction).

(ii) Personal Jurisdiction

None of the defendants challenge personal jurisdiction.

(iii) Service of the Defendants

All Defendants have been served.

2. **Facts**:

**RSI's Position:**

This fraud and unfair trade practices case arises out of a failed ERP implementation and related NetSuite Suite Success cloud subscription agreement.  Plaintiff RSI is an architectural construction material supplier located in Brogue, Pennsylvania. RSI Hardware is a dba of RSI, and RSI runs a retail hardware store also in Brogue, Pennsylvania. KGB Equities, LLC ("KGB"), is a sister company to RSI and provides carrier services.

In February 2021, after months of negotiations and detailed meetings held online over Zoom, RSI entered into several contracts with Oracle, including a SuiteSuccess cloud subscription, and related Fixed Price Statements of Work for professional services (the "SOWs"), as well as a contract for Advanced Customer Support ("ACS").  Throughout the parties' pre-contract discussions Oracle made several material misrepresentations, including but not limited to that: (1) Oracle had an existing SuiteSuccess product and solution with all of the functionality of RSI's than current software, which included QuickBooks Enterprise, Sage 100, and ECI Spruce, and performed even better than those programs and could combine all three of RSI's business in

one seamless solution; (2) Oracle could configure the solution to go live no later than 5 months after contract execution, (3) the price of the solution was fixed and all in; (4) Oracle had a track record of success and extensive experience working with the recommended Oracle Partners on complex retail project similar to RSI's, (4) Oracle would provide project management services and could successfully coordinate and manage the work of the Oracle Partners on RSI's retail project, and (5) Oracle had successfully delivered the solution to such retail customers similar to RSI in the past. In fact, no such solution existed at the time the representations were made, the go live date was never possible because the product did not exist, Oracle did not have a successful track record of working with the Oracle Partners on complex retail projects, and Oracle never intended to provide a fixed price because it knew at the time of the representations that it had no way of competently managing all of the Oracle Partners, and that additional costs would be required to provide the solution, and that it would seek to increase the cost of the project through change orders.

After almost two years of failures, multiple written notices of Oracle's breaches, complete mismanagement by Oracle of its touted Oracle Partners, and five blown "go live" dates, RSI terminated the agreements when Oracle failed to effectuate a cure of its many breaches. RSI brings this action asserting claims against Oracle for fraud in the inducement, negligent misrepresentation, theft under Penal Code §496, unfair trade practices under California Business and Professions Code Section 17200 and for declaratory relief. RSI also asserts claims against OAI for breach of contract, breach of warranty and breach of the implied covenant of good faith and fair dealing and seeks damages, including punitive damages from Oracle. RSI contends that its damages should be trebled under California Penal Code §496 due to Oracle's theft of RSI's money, and that it should also be awarded its costs including its attorneys' fees.

In addition to its claims against Oracle, RSI asserts claims against certain Oracle Business Partners recommended by Oracle for the Point of Sale ("POS") and EDI portions of the project. Specifically, RSI has asserted claims against Vend and Lightspeed for negligent misrepresentation and violation of Business & Professions Code Section 17200 arising out of a portion of the POS

implementation. RSI asserts claims against SPS for breach of warranty and violation of Section17200 related to the EDI portion of the implementation.

**Oracle's Position**:

Oracle denies all claims asserted by RSI in its First Amended Complaint and asserts that RSI's own actions or inactions caused the termination of the agreements between RSI and Oracle. RSI caused delays by failing to respond to Oracle, make timely decisions, and complete tasks required under the agreements. RSI also contracted with multiple third party vendors, which resulted in disputes between them regarding fees and performance of services, which in turn caused further delays for Oracle to complete the projects and for the ERP solution to go live.

In addition, any liability owed to RSI is limited due to the agreements. Oracle and RSI entered into two Estimate Forms and two Fixed Price Statements of Work. RSI acknowledges that the Estimate Forms it signed explicitly reference, and incorporate by reference, a Subscription Services Agreement ("SSA") that is accessible via a hyperlink in the Estimate Form. Similarly, the Fixed Statements of Work that RSI signed incorporate by reference an agreement governing Oracle's performance of professional services (the "PS Terms"), and likewise include a clickable hyperlink to those terms on the Oracle website. The SSA contains an integration clause that disclaims any reliance on pre-contract representations:

> This Agreement incorporates by reference all URL Terms (as applicable), Exhibits and Estimate/Order Forms, and this Agreement, together with such referenced items, constitute the entire understanding between Customer and Oracle and are intended to be the final and entire expression of their agreement. The parties expressly disclaim any reliance on any and all prior discussions, emails, RFP's and/or agreements between the parties. There are no other verbal agreements, representations, warranties undertakings or other agreements between the parties.

(SSA § 14.1.1). Both Section 9 of the SSA and Section 5 of the PS Terms contain provisions limiting liability and remedies and disclaiming warranties. The SSA also limits the type and amount of damages that either party can seek against the other. (SSA § 10.1.) Moreover, Oracle's aggregate liability related to the agreements under those provisions may not "exceed the total

amounts actually paid under customer's estimate/order form or sow for the services giving rise to the liability during the twelve (12) months immediately preceding the event giving rise to such liability." (SSA § 10.2.)

The two Estimate Forms and two Fixed Price Statements of Work set forth the deliverables Oracle was to provide RSI.  According to RSI, Oracle has failed to deliver a functional ERP Product and RSI issued a notice of material breach and opportunity to cure to Oracle.  RSI alleges that, since contract execution, it has made "payments to Oracle totaling $139,567.32.

RSI commenced this action against Oracle and the other defendants in June 2023.  In the FAC, RSI affirms the continued viability of the contract (and seeks damages for breach of contract, warranty, and the implied covenant of good faith and fair dealing), but also asserts claims for fraud, negligent misrepresentation, violations of Penal Code § 496 and Business & Professions Code § 17200 et seq., and declaratory judgment to invalidate portions of the contracts on grounds of unconscionability.  Notwithstanding the SSA's contractual limitation of remedies, RSI seeks both consequential damages and punitive damages.  As discussed below, RSI's FAC asserts a grab-bag of legal theories, none of which are legally cognizable under the facts pled.

**Vend/Lightspeed's Position:** Vend, and Lightspeed provided third party solution to the platform pursuant to the agreement between Oracle and RSI. RSI plead causes of action without any specificity or sufficient details. Vend and Lightspeed deny each and every one of RSI's claims of wrongful conduct by them, deny that RSI's claims have merit, and deny that they are liable to RSI in any amount. Vend and Lightspeed also assert several viable affirmative defenses, including, without limitation, that of puffery.

3. **Legal Issues**:

**RSI's Position:** RSI asserts claims against Oracle for fraud in the inducement and promissory fraud, negligent misrepresentation, and violations of Penal Code Section 496 and Business & Professions Code Section 17200.  RSI has asserted claims against OAI for breach of contract, breach of warranty and breach of the implied covenant of good faith and fair dealing.  In

addition, RSI has asserted claims against Vend/Lightspeed for negligent misrepresentation and violation of Business & Professions Code Section 17200. RSI has sued SPS for breach of warranty and violation of Business & Professions Code Section 17200.

**Oracle's Position:** Oracle asserts that all of RSI's claims against Oracle fail due to the following reasons: *First*, the California's economic loss doctrine precludes each of RSI's tort claims since RSI claims that all of the pre-contract representations were memorialized in the contracts between RSI and Oracle. Thus, RSI's allegations of fraudulent representations are all within the contracts between RSI and Oracle. *Second*, the integration and limitation on liability clauses in the contracts limit RSI's claims. The integration clause in the SSA acknowledges and disclaims any reliance on pre-contract representations. The limitations on liability provision in the SSA limits RSI's remedies to either correction of deficient services or refund of pre-paid fees. The SSA also expressly precludes any consequential or punitive damages and Oracle's liability is therefore limited to the amount RSI actually paid Oracle. While RSI contends that the contracts are unconscionable and therefore unenforceable, Oracle refutes that RSI did not read or understood the contracts when it entered into them with Oracle. RSI is a sophisticated commercial actor, which cannot be excused for ignoring the language of the contracts. *Third*, RSI's fraud claims fail because they are not adequately pled under Fed. R. Civ. P. 8(a) and 9(b). *Finally*, RSI's remaining claims fail because (i) RSI fails to allege which contractual provision was breached by Oracle in order to properly plead breach of contract, (ii) RSI failed to provide timely notice of breach to allege breach of warranty, (iii) RSI's breach of the implied covenant of good faith and fair dealing claim is superfluous of its breach of contract claim, (iv) there are no allegations of stolen property for RSI to claim that Oracle violated the Penal Code § 496, and (v) RSI has adequate remedy at law that its UCL claim fails.

**Vend/Lightspeed's Position:** Vend, and Lightspeed deny each and every one of RSI's claims of wrongful conduct by them, deny that RSI's claims have merit, and deny that they are liable to RSI in any amount. Vend and Lightspeed also assert several viable affirmative defenses, including, without limitation, that of puffery.

4. **Motions**:

Oracle has moved to dismiss each and every cause of action for failure to state a claim. Oracle has also moved to strike certain portions of RSI's prayer for damages and certain allegations relating to a credit offered by Oracle if RSI agreed to renew for a second year. RSI has filed an opposition opposing Oracle's motion in its entirety. The Court held a hearing on the motion on October 5, 2023. Oracle's motion is under submission and no ruling has yet issued.

To the extent any claims survive after the motion to dismiss and any subsequent motions are decided, Oracle intends to seek summary judgment on several of RSI's claims. RSI contends that factual issues exist, which would preclude summary judgment.

Upon close of discovery, Vend and Lightspeed also anticipate seeking summary judgment.

5. **Amendment of Pleadings**:

If the Court grants any portion of Oracle's motion to dismiss, RSI has asked for leave to amend, and plans to amend if such leave is granted by the Court.

6. **Evidence Preservation**:

The parties have reviewed the Guidelines Relating to Discovery of ESI and have met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**:

Initial Disclosures are due 7 days before the Initial Case Management Conference on October 26, 2023.

8. **Discovery**:

**RSI's Position:** RSI anticipates conducting discovery once the pleadings are settled. RSI seeks to slightly exceed the number of depositions normally provided by the Federal Rules of Civil Procedure to 15 depositions. RSI contends that the Court should make such an allowance given the number of parties in the case and the fact that RSI will need to take discovery on the wide-ranging fraudulent scheme of Oracle, whereby Oracle has an entrenched business practice of promising a solution that does not exist in order to defraud Oracle customers and increase its own profits. RSI also contends that given the small number of RSI employees involved with the project from the RSI side, that all Defendants should be limited to a total of 10 depositions for the

entire defense side.  RSI suggests that written interrogatories be limited to 25 per side.

**Oracle's Position**

Oracle believes there is no reason to depart from the limitations to ten depositions for each side as provided in the Federal Rules.

**Lightspeed/Vend's Position:**  Lightspeed/Vend, each as a separate party to this action, should be entitled to conduct full and complete discovery as allowed by Fed. R. Civ. Proc.

9. **Class Actions**:

The case, as currently framed, is not a class action.

10. **Related Cases**:

Currently there are no related cases.

11. **Relief**:

RSI seeks the following relief: (1) rescinding all contracts with OAI for fraud in the inducement; (2) awarding RSI relief in excess of $75,000; (3) awarding RSI three times its actual damages; (4) awarding RSI punitive damages; (5) awarding RSI pre and post-judgment interest; (6) awarding RSI its costs and attorneys' fees; and (7) awarding such other relief as is just and proper.

RSI has alleged that due to Defendants' actions and omissions it has been seriously damaged as it has spent monies for a solution that never worked, incurred large project costs and lost revenues due to Oracle's fraud and contractual breaches, as well as suffering other damages in an amount to be proven at trial.

Vend and Lightspeed, by their answer to RSI's operative complaint, seek that they recover costs and expenses, in addition to attorney's fees, incurred in defending this lawsuit.

12. **Settlement and ADR**:

**RSI's Position**: RSI believes that the parties should participate in private mediation shortly after the Initial Case Management Conference and before the start of discovery before the costs of the litigation escalate for all parties.  The parties have engaged in informal settlement discussions, which thus far have failed to result in a resolution.  RSI believes that the parties could find a path to resolution facilitated by a skilled mediator who could bring the parties together and assist the

parties with the identification of the risks and costs involved in continued litigation.

**Oracles' Position:** Oracle agrees that mediation is appropriate but believes an in-person Court mediation with a sitting Magistrate Judge from the Northern District of California is the best way to progress settlement. Oracle believes that mediation will be most productive during or after the completion of certain discovery.

**Vend/Lightspeed's Position**: Vend and Lightspeed are amenable to this Court's ADR Program, including mediation with the court appointed mediator or a settlement conference with a magistrate judge, after the initial disclosures are made by all parties before participating in private mediation is considered, which should follow initial discovery and depositions.

13. **Other References**:

    Not applicable.

14. **Narrowing of Issues**:

    The parties do not believe that the narrowing of issues is appropriate at this point as they await the Court's order on Oracle's motion to dismiss.

15. **Expedited Trial Procedure**:

    Not applicable.

16. **Scheduling**:

    The Parties propose the following schedule:

    - Last day to hold private mediation: January 20, 2024
    - Close of fact discovery: September 20, 2024
    - Simultaneous exchange of expert reports: September 20, 2024
    - Rebuttal expert reports: October 25, 2024
    - Close of expert discovery: December 13, 2024
    - Last Date for Dispositive Motions: January 17, 2025
    - Final Pre-Trial Conference: March 6, 2025, or as soon thereafter as convenient for the Court
    - Jury Trial: (6-8 days): April 3, 2025

17. **Trial**:

Jury trial estimated to last 6-8 court days.

18. **Disclosure of Non-Party Interested Entities or Persons**:

The parties who have appeared have all filed their disclosure statements.

19. **Professional Conduct**:

All attorneys of record have reviewed the Court's Guidelines for Professional Conduct.

20. **Other Matters**:

Not applicable.

DATED: October 26, 2023        TACTICAL LAW GROUP LLP


                               By:  /s/ Pamela K. Fulmer
                                    Pamela K. Fulmer
                                    Attorneys for Plaintiff
                                    RIVER SUPPLY, INC.


DATED: October 26, 2023        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                               By:  /s/ Sarah A. K. Blitz
                                    Sarah A. K. Blitz
                                    Attorneys for Defendants
                                    ORACLE AMERICA, INC. and NETSUITE, INC.


                               WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
DATED: October 26, 2023


                               By:  /s/ Jura C. Zibas
                                    Jura C. Zibas
                                    Attorneys for Defendants
                                    VEND LIMITED & LIGHTSPEED COMMERCE INC.